18-814

Zamora v. Morphix Co.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED
BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY
MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE
NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A
COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second
Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley
Square, in the City of New York, on the 10th day of April, two thousand nineteen.

PRESENT:
        AMALYA L. KEARSE,
        DENNIS JACOBS,
        PETER W. HALL,
            Circuit Judges.
_____

MELANIE ZAMORA,

        Plaintiff-Counter-Defendant-Appellee,

MGZ CONSULTING, LLC,

        Third-Party-Defendant-Appellee,

        -v.-                                                18-814

**MORPHIX COMPANY, LTD.,**

<u>**Defendant-Counter-Claimant-**</u>
<u>**Third-Party-Plaintiff-Appellant**</u>.[1]

_____

**FOR MGZ CONSULTING, LLC AND MELANIE ZAMORA:**

> Nicholas A. O'Kelly, Kilgore & Kilgore, PLLC, Dallas, TX.

**FOR MORPHIX COMPANY, LTD.:** Paul T. Shoemaker, Greenfield Stein & Senior, LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Morphix Consulting, LLC ("Morphix") alleges that one of its former consultants, Melanie Zamora, breached the parties' consulting agreement by accepting a job with one of Morphix's clients, British Petroleum ("BP"). The jury returned a verdict in favor of Morphix, and awarded $33,000 in damages. The United States District Court for the Southern District of New York (Forrest, <u>J.</u>) granted Zamora's motion for judgment as a matter of law, concluding that there was insufficient evidence to find that Morphix had suffered any damages as a result of Zamora's breach. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues for review.

In 2012, Morphix was retained by BP to consult on BP's Well Advisor Project. Morphix hired Zamora, as a subcontractor, to work on the project.[2]

---

[1] The Clerk of Court is directed to amend the caption as set forth above.

[2] Zamora conceded for the purposes of trial that she was the alter ego of MGZ Consulting, LLC, a company that she established as a shell for her consulting work. Reference to Zamora therefore refers to both Zamora and MGZ Consulting.

Zamora's Consulting Agreement (the "CA") with Morphix did not set forth specific consulting projects; rather, Zamora and Morphix signed twelve three-month work orders, which incorporated the CA, and set forth specific assignments for BP in the years 2012, 2013, and 2014.  The CA did not obligate Zamora to sign any certain number of work orders, or continue accepting work orders.  Critically, the CA prohibited Zamora from accepting a job with any of Morphix's current clients.

In November 2014, Zamora accepted a job at BP.  When Morphix was advised, Morphix threatened to sue Zamora for breach of contract, and to sue BP for tortious interference.  BP pulled the job offer, and Zamora sued Morphix for tortious interference.  Morphix counterclaimed against Zamora for breach of contract, tortious interference, and wrongful interference with prospective business relations.

Before trial, all of the claims were resolved except for the breach of contract claim against Zamora.  At a two-day jury trial, Morphix argued that Zamora breached her contract by accepting a job with BP while she was consulting with BP on Morphix's behalf.  A jury found in favor of Morphix, and awarded $33,000 in damages; Zamora moved for judgment as a matter of law; and the district court granted the motion, concluding that there was no evidence that Morphix was damaged when Zamora accepted a position at BP.  Morphix appeals.

We review *de novo* a district court's decision to vacate a jury verdict pursuant to Rule 50(b).  See Tepperwien v. Entergy Nuclear Operations, Inc., 663 F.3d 556, 567 (2d Cir. 2011).  "A judgment notwithstanding the verdict may only be granted if there exists such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or the evidence in favor of the movant is so overwhelming that reasonable and fair minded [persons] could not arrive at a verdict against [it]."  Wiercinski v. Mangia 57, Inc., 787 F.3d 106, 112 (2d Cir. 2015) (internal quotation marks omitted).

Morphix presents two theories of damages that it argues could support the jury's award: (1) that Zamora would have continued fulfilling work orders for Morphix if she had not applied for and accepted a job at BP, thereby generating a profit for Morphix; and (2) that Morphix would have been able to replace Zamora if she had helped the transition of a new consultant into her role.

3

Morphix is not entitled to recover damages unless it suffered as a result of Zamora's breach.  See Diesel Props S.r.l. v. Greystone Bus. Credit II LLC, 631 F.3d 42, 52 (2d Cir. 2011).  Neither damage theory advanced by Morphix can support the damages award.  Any damage was caused by Zamora's decision to leave Morphix; but Zamora's departure was not a breach of the consulting agreement, because, at the time she left, she had completed her last work order and had not accepted (or been offered) any additional work.

True, the consulting agreement barred Zamora from applying for and accepting a job at BP.  But Zamora never actually worked at BP, and Morphix presented no evidence at trial to support a finding that it was damaged by her technical breach, and offers no damage theory on appeal that is not specious.  It was unreasonable for the jury to find otherwise.  Since Morphix failed to present any evidence at trial that it was damaged by Zamora's breach, Zamora is entitled to judgment as a matter of law.

We have considered the appellant's remaining arguments and find them to be without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4